STATE OF MAINE
PENOBSCOT, SS.

FILED & ENTERED
SUPERIOR COURT

JUL 02 2003

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. CR-02-312

STATE OF MAINE

v.

JASON BOUCHARD,
                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON MOTION FOR ACQUITTAL**

DONALD L. GAMBRECHT
LAW LIBRARY

AUG 7 2003

The Defendant moves for a Judgment of Acquittal or New Trial pursuant to Rules 29(b) and 33. The court has had the benefit of counsel's presentations and has fully reviewed the excellent, well-researched and reasoned written submissions of the parties. The facts and procedural history of this matter are well established in the written submissions and need not be repeated here.

Despite the length of the trial, few material facts are significantly controverted. The parties disagree on the particulars of what was said to whom on some occasions, but much of the case turns upon the interpretation and inferences to be drawn from the data.

The court has little difficulty in concluding that the Defendant engaged in a deceptive course of action. After being advised of the prohibition against self-dealing, he undertook various steps to hide his involvement in the fuel operation at the Lincoln Airport. The proceeds from the sales inevitably found their way to him. Defendant seems not to vigorously contest this point in the pending motions. Rather, he contends that the simple fact of a self-dealing conflict of interest does not constitute criminal activity and, alternately, that the facts and figures cannot support a conclusion that the State was deprived of any property as defined in the criminal law.

Defendant's points are well taken and have been raised in various contexts during these proceedings. The court agrees that the conflict of interest law (5 MRSA §18) does not seem to create a "stand-alone" basis for criminal liability. Rather, an criminal liability must be predicated upon one of the Theft offenses as defined in Title 17-A.

The State argues that illegal self-dealing constitutes the deception component of Theft by Deception (17-A MRSA §354(1)(A). To analogize the court's understanding of the State's argument, a principal has the authority to direct an agent as to where and how to expend the principal's funds. A principal would likely prohibit an agent from purchasing a competitor's products with the principal's funds. If the employee does so – for whatever reason – the principal has been permanently deprived of his or her

money. Value may have been received, but the unauthorized expenditure – the wrongful taking – is the essence of the criminal violation. The funds are undeniably and permanently gone. Their use and benefit to the owner are lost.

"Intent to deprive" is defined as follows:

3. "Intent to deprive" means to have the conscious object;
    A. To withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or the use and benefit thereof, would be lost; or...

    C. To use or dispose of the property under circumstances that make it unlikely that the owner will recover it or that manifest an indifference as to whether the owner will recover it.

The Defendant reads the forgoing language to require that the property's value be lost (or stated alternately, that the owner did not receive something of equal value in return) before criminal liability attaches. The court declines to so read the statute.

The Defendant's argument, taken to the extreme, would de-criminalized the unauthorized taking of property as long as the thief substituted other property of equal value. The law of property provides that the owner of property has the sole and exclusive dominion over it. Any unauthorized taking constitutes theft. A taking under the guise of material misrepresentation constitutes the offense of Theft by Deception.

The Defendant points out potential flaws in the State's accounting methodology. Again, the points are well taken. Certain precarious assumptions underlie the conclusions reached by the individuals who undertook to reconstruct the Defendant's financial dealings. However, the issue at this juncture is not whether this court would accept those inferential jumps – the issue is whether any rational trier of fact could reasonably make them. Upon this record, the court cannot confidently answer that question in the negative.

Accordingly, Defendant's Motions must be denied. So Ordered. The Clerk may incorporate this Order upon the docket by reference.

Dated: July 1, 2003

_____
JUSTICE, MAINE SUPERIOR COURT

State of Maine vs. Jason Bouchard   Docket No. CR-02-312


STEPHEN BLACKWELL ESQ        Defense Counsel
470 EVERGREEN WOODS
BANGOR ME   04401



LEANNE ROBBIN ASST A G
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA   ME   04333-0006